1 | JOHN P. REITMAN, SBN 80579
jreitman@lgbfirm.com
2 | ALEKSANDRA ZIMONJIC, SBN 210252
azimonjic@lgbfirm.com
3 | LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
4 | Los Angeles, CA 90067
Telephone: (310) 557-0050
5 | Facsimile: (310) 557-0056

6 | Attorneys for Plaintiff Peter J. Mastan,
Chapter 7 Trustee

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

10

| | |
|---|---|
| In re | Case No. 2:14-bk-27656-WB |
| | Chapter 7 |
| CARLO BONDANELLI, | Adv. No. 2:17-ap-01548-WB |
| Debtor . | **SUMMONS SERVICE EXECUTED RE SERVICE OF:** |
| PETER J. MASTAN, Chapter 7 Trustee, | **1) COMPLAINT;** |
| Plaintiff, | **2) SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]; AND** |
| v. | |
| PIERLUIGI BIASIOLO, an individual, RENERGY ALLIANCE CORPORATION, a California corporation, and DOES 1-10, Inclusive, | **3) PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1** |
| Defendants. | **Status Conference Date and Time:**
Date:  January 30, 2018
Time:  2:00 p.m.
Place:  Courtroom 1375
255 E. Temple St.
Los Angeles, CA 90012 |

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Plaintiff Peter J. Mastan, Chapter 7 trustee, submits the Declaration of Erik Meza reflecting

2 the Plaintiff's service of:

3    1.    Complaint;

4    2.    Summons and Notice of Status Conference; and

5    3.    Notice of Required Compliance with Federal Rule of Bankruptcy Procedure 7026

6 and Local Bankruptcy Rule 7026-1.

7

8

9

10 Dated: November 22, 2017          LANDAU GOTTFRIED & BERGER LLP

11

12    By _____

13        Aleksandra Zimonjic
     Attorneys for Plaintiff Peter J. Mastan, Chapter 7
14    Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## DECLARATION OF ERIK MEZA

2   I, Erik Meza, hereby declare as follows:

3       1.    I am over 18 years of age, and I am not a party to the above-captioned bankruptcy

4 case or adversary proceeding.  My business address is 1801 Century Park East, Suite 700, Los

5 Angeles, CA 90067.

6       2.    On November 22, 2017 as shown by the attached Proof of Service, I served

7 *Chapter 7 Trustee's Complaint to Set Aside and Recover Fraudulent Transfers* [Docket No. 1]; the

8 *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004−1]* issued by the

9 Clerk of the Court [Docket No. 2]; and *Plaintiff's Notice of Required Compliance with FRBP*

10 *7026 and LBR 7026-1* on the defendants listed on the attached Proof of Service.  I did so by

11 placing true and correct copies of those documents in an envelope with first class postage thereon

12 fully prepaid, addressed to each of the defendants at the addresses shown on the attached Proof of

13 Service.  On the same day correspondence is placed for collection and mailing in that outgoing

14 mail box, such correspondence is deposited in the ordinary course of business in a United States

15 Postal Service mailbox by an LGB employee.

16     I declare under penalty of perjury that the foregoing is true and correct and that this

17 declaration is executed this 22nd day of November, 2017, at Los Angeles, California.

18

19

20                                Erik Meza

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1

1  JOHN P. REITMAN (State Bar No. 80579)
   jreitman@lgbfirm.com
2  ALEKSANDRA ZIMONJIC (State Bar No. 210252)
   azimonjic@lgbfirm.com
3  LANDAU GOTTFRIED & BERGER LLP
   1801 Century Park East, Suite 700
4  Los Angeles, California 90067
   Telephone: (310) 557-0050
5  Facsimile: (310) 557-0056

6
   Attorneys for Peter J. Mastan, Chapter 7 Trustee
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11

12  In re                                    Case No. 2:14-bk-27656-WB

13  CARLO BONDANELLI,                        Chapter 7

14                Debtor.
                                             ADV. NO. _____
15

16  PETER J. MASTAN, Chapter 7 Trustee,
                                             CHAPTER 7 TRUSTEE'S COMPLAINT
17                         Plaintiff,        TO SET ASIDE AND RECOVER
         vs.                                 FRAUDULENT TRANSFERS
18
    PIERLUIGI BIASIOLO, an individual,
19  RENERGY ALLIANCE CORPORATION,
    a California corporation, and DOES 1-10,
20  Inclusive,

21                         Defendants.

22

23

24

25

26

27

28

EXHIBIT 1
3

1   Plaintiff Peter J. Mastan, the trustee (the "Trustee" or the "Plaintiff") of the chapter 7

2   bankruptcy estate (the "Estate") of Carlo Bondanelli ("Bondanelli"), alleges:

3   ## REQUIRED PLEADING DISCLOSURE

4   1.      In accordance with the requirements of Local Bankruptcy Rule 7008-1, the

5   Trustee hereby alleges that the Claim for Relief in this Complaint constitutes core proceedings

6   under 28 U.S.C. § 157(b) or is related to this bankruptcy case (the "Bankruptcy Case") because the

7   outcome of that claim could have a significant effect on the Estate as it will impact property of the

8   Estate and the amount of money available for distribution to creditors. Regardless of the core or

9   non-core nature of the Claim for Relief asserted herein, the Trustee consents to the entry of final

10  orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law.

11  Defendants are hereby notified that Fed. R. Bankr. P. 7008(a) requires each defendant to plead

12  whether the claims for relief alleged against such defendant are core or non-core and, if non-core,

13  whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

14  ## JURISDICTION AND VENUE

15  2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

16  §§ 157 and 1334 because the Claim for Relief in this Complaint arises in or is related to *In re*

17  *Carlo Bondanelli*, the above-captioned Bankruptcy Case pending in this Court.

18  3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because

19  the Bankruptcy Case is pending in this district and division. Pursuant to 28 U.S.C. § 1391, venue

20  is also appropriate in this district and division because a substantial part of the events, acts or

21  omissions giving rise to the claims asserted in this Complaint took place within this district.

22  ## THE PARTIES

23  4.      Plaintiff Trustee is the duly appointed trustee of the Estate. Because the Trustee

24  was appointed after the occurrence of the majority of the facts alleged in this Complaint, he has no

25  personal knowledge of such facts. Accordingly, the Trustee alleges all such facts on information

26  and belief based on the testimony at the Debtor's first meeting of creditors, a review of documents

27  and pleadings filed in this Bankruptcy Case and related state and federal court proceedings, as well

28  as a review of the Debtor's books and records that were made available to the Trustee to date.

1

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1
4

1      5.      Defendant Pierluigi Biasiolo ("Biasiolo") is an individual residing in Los

2 Angeles.

3      6.      Defendant Renergy Alliance Corporation ("Renergy") is a California corporation

4 with a principal place of business in Los Angeles, California. At all relevant times, Biasiolo

5 controlled and/or owned Renergy.

6      7.      The Trustee is not aware of the true names and capacities (whether individual,

7 associate, corporate, or otherwise) of defendants Does 1 through 10, or any of them, and therefore

8 sues said defendants, and each of them, by such fictitious names and will amend this Complaint to

9 include their true names and capacities, when ascertained, together with appropriate charging

10 allegations.

11      8.      Each of the Doe defendants is an immediate or mediate transferee of the avoidable

12 transfers alleged in this Complaint, or of the proceeds of such transfers, and did not take such

13 transferred property for value, in good faith, and without knowledge of the avoidability of such

14 transfers.

15                            **GENERAL ALLEGATIONS**

16      9.      Prior to his bankruptcy, Bondanelli worked in the business of real estate

17 management, development and investment. One of his projects was a 2004 joint venture (the

18 "Joint Venture") with certain Italian investors, including Francesco Tieni and Ocean Park SRL

19 (the "Tieni Parties"), for acquisition and development of two real properties (the "Property") in

20 Santa Monica, California. The parties agreed that Bondanelli would serve as the manager of the

21 newly formed LLC without compensation and be responsible for all aspects of the Property

22 development, while the Italian investors would loan funds necessary for acquisition and

23 development of the Property. As part of the joint venture, Bondanelli formed New West TC, LLC

24 ("New West") and the Italian investors provided approximately $1.1 million (the "Loaned Funds")

25 to New West to fund the project. Bondanelli obtained financing and acquired the Property on

26 behalf of New West. New West used $886,000 of the Loaned Funds for a down payment on the

27 Property and Bondanelli personally guaranteed repayment of the balance of the purchase price for

28 the Property.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1
5

10.     Under the Joint Venture, the Italian investors agreed to provide additional funds to pay off the loans on the Property, so the Property would be suitable for a construction loan necessary for its development.  The investors and Bondanelli disagreed about the amount of additional financial contributions needed to develop the Property.

11.     In or about May 2012, Bondanelli entered into an agreement with Biasiolo pursuant to which the two agreed to sue the Italian investors, take over the Property, lease the residential units on the Property, then sell the Property and divide the sale proceeds.  As part of the agreement, Bondanelli obtained about $220,000 in financing from Biasiolo on behalf of New West to continue servicing the mortgage and managing the Property.

12.     In June 2012, Bondanelli commenced litigation (the "Tieni Litigation") against the Tieni Parties. In November 2012, Bondanelli and Biasiolo leased half of the rental units and began collecting rent.

13.     In addition to the New West project, Bondanelli entered into other business transactions with Biasiolo.  Bondanelli and Biasiolo jointly formed and managed Backus Solar Energy, LLC, Mesa Verde Solar, LLC and Chackwalla Solar Energy, Inc.  None of those projects was successful.

14.     On May 30, 2013, without informing the Italian investors, Bondanelli caused New West to enter into a purchase agreement with Bruce Schwartz and Linda Johns (the "Buyers") for sale of the Property for $3.3 million.  The Buyers initially deposited $97,500 into the escrow account for the Property, and that amount was transferred to New West's account on July 29, 2013 as an early release of the Buyers' deposit.  On the same day, Bondanelli caused New West to transfer $85,500 of the Buyers' deposit to his personal account.

15.     On May 30, 2013, Bondanelli made transfers (the "Transfers") to the defendants. The Transfers are identified in the attached **Exhibit 1**.  Bondanelli did not receive any value in exchange for the Transfers. Rather, Bondanelli made the Transfers in order to remove his assets from the reach of the Tieni Parties.

16.     On August 20, 2013, the escrow for the sale of the Property closed and New West received approximately $1.7 million in sale proceeds.  Bondanelli caused New West to transfer a

3

EXHIBIT 1

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   portion of the sale proceeds to Bondanelli's personal accounts and make other transfers to third

2   parties, including Biasiolo.

3       17.    On August 28, 2013, the Tieni Litigation was resolved through mediation during

4   which the parties reached a settlement agreement. Pursuant to that settlement agreement,

5   Bondanelli agreed to make a $800,000 settlement payment to the Tieni Parties in exchange for

6   New West and its assets. After Bondanelli failed to make the settlement payment, the Tieni

7   Parties obtained a judgment in the amount of $804,000 against Bondanelli on March 25, 2014.

8   Bondanelli did not pay any part of Tieni Parties' judgment.

9       18.    On September 16, 2014, Bondanelli filed a voluntary petition for relief under

10  chapter 7 of title 11 of the United States Code and Mr. Mastan was subsequently appointed as the

11  Trustee.

12                          **FIRST CLAIM FOR RELIEF**

13  **(Against All Defendants, To Avoid Intentionally Fraudulent Transfers of Money and Other**

14              **Property under 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

15      19.    The Trustee incorporates by reference and realleges paragraphs 1-18 of this

16  Complaint.

17      20.    During the two-year period immediately preceding the Petition Date, Bondanelli

18  made transfers of his property, including money, to or for the benefit of the defendants (the

19  "Transfers"). **Exhibit 1** identifies all currently known transfers that are part of the Transfers. At

20  this time, the Trustee lacks sufficient information to specify the total amount of money and other

21  property that comprise all of the Transfers. The Trustee will seek leave to amend this Complaint

22  when he has additional information concerning the money and other property that Bondanelli

23  transferred to or for the benefit of the defendants.

24      21.    Bondanelli did not receive any consideration in exchange for the Transfers. The

25  sole purpose of making the Transfers was to place his assets beyond the reach of his creditors,

26  including the Tieni Parties. The Transfers were made by Bondanelli with the actual intent to

27  hinder, delay, or defraud his creditors and none of the Transfers was taken in good faith.

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

EXHIBIT 1
7

1    **WHEREFORE**, the Trustee prays for judgment against the defendants, and each of them,

2  as follows:

3        1.    On the first claim for relief, for a judgment against the defendants that (i) avoids

4  the Transfers from Bondanelli to or for the benefit of the defendants, and (ii) requires the

5  defendants to return those transfers and their proceeds, or their value, to the Trustee, for the

6  benefit of the Estate;

7        2.    For interest at the legal rate on all damages and sums awarded to the Trustee, for

8  the benefit of the Estate; and

9        3.    For such other relief as the Court deems just and proper.

10

11  Dated: November 21, 2017                    LANDAU GOTTFRIED & BERGER LLP

12

13                                        By: _____

14                                             Aleksandra Zimonjic
                                             Attorneys for Peter J. Mastan, Chapter 7 Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

EXHIBIT 1
8

# EXHIBIT 1

EXHIBIT 1

9

# EXHIBIT 1

**Transfers from Carlo Bondanelli to Pierluigi Biasiolo and Renergy Alliance Corporation**

| Amount | Date | Checking Account Number and Check Number |
|---:|---:|:---:|
| $5,000 | 07-30-2013 | Account 8000802505, Ck. No. 1372 |
| $37,500 | 07-30-2013 | Account 8000802505, Ck. No. 1374 |

EXHIBIT 1
6
EXHIBIT 1
10



```
Posted      : 07/31/2013
Bank        : 00000002
Account     : 8000902505
R/T         : 12113752
Check       : 1372
Amount      : 5000.00
DIN         : 975110149
```



```
Posted      : 07/31/2013
Bank        : 00000002
Account     : 8000902505
R/T         : 12113752
Check       : 1374
Amount      : 37500.00
DIN         : 975110162
```

Case 2:17-ap-01548-WB    Doc 1    Filed 11/21/17    Entered 11/21/17 18:58:53    Desc
Main Document      Page 11 of 15

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Peter J. Mastan, Chapter 7 | **DEFENDANTS**<br>PIERLUIGI BIASIOLO, an individual,<br>RENERGY ALLIANCE CORPORATION,<br>a California corporation, and DOES 1-10, Inclusive, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>LANDAU GOTTFRIED & BERGER LLP<br>1801 Century Park East, Suite 700, Los Angeles, California 90067 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only) | | **PARTY** (Check One Box Only) | |
|---|---|---|---|
| □ Debtor | □ U.S. Trustee/Bankruptcy Admin | □ Debtor | □ U.S. Trustee/Bankruptcy Admin |
| □ Creditor | □ Other | □ Creditor | ■ Other |
| ■ Trustee | | □ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The Trustee seeks to recover actually fraudulent transfers made to or for the benefit of the

---

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- ■ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 42,500.0 |
| Other Relief Sought | |

EXHIBIT 1
13

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Carlo Bondanelli | BANKRUPTCY CASE NO.<br>2:14-bk-27656-WB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Julia W. Brand |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br><br>11/21/17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aleksandra Zimonjic |
|---|---|

## INSTRUCTIONS

        The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

        A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

        The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT 1
14

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN P. REITMAN (State Bar No. 80579)<br>jreitman@lgbfirm.com<br>ALEKSANDRA ZIMONJIC (State Bar No. 210252)<br>azimonjic@lgbfirm.com<br>LANDAU GOTTFRIED & BERGER LLP<br>1801 Century Park East, Suite 700<br>Los Angeles, California 90067<br>Telephone: (310) 557-0050<br>Facsimile: (310) 557-0056<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>CARLO BONDANELLI<br><br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-27656-WB<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| PETER J. MASTAN, Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br><br>PIERLUIGI BIASIOLO, an individual, RENERGY ALLIANCE CORPORATION, a California corporation, and DOES 1-10, Inclusive,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | **Address:** |
|---|---|
| Time: _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: _____ | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                    **KATHLEEN J. CAMPBELL**
                                    **CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____



                        By: _____
                                    Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

                                    EXHIBIT 1
                                        16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

_____

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John P Reitman<br>Landau Gottfried & Berger LLP<br>1801 Century Park East Ste 700<br>Los Angeles, CA 90067<br><br>310-557-0050<br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Carlo Bondanelli<br><br><br>Debtor(s). | CASE NO.: 2:14-bk-27656-WB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:17-ap-01548-WB |
|---|---|
| Peter J Mastan<br><br>Plaintiff(s)<br><br>Versus<br><br>Pierluigi Biasiolo<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **12/22/2017.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Date: | **January 30, 2018** |
| Time: | **02:00 PM** |
| Hearing Judge: | **Julia W. Brand** |
| Location: | **255 E Temple St., Crtrm 1375, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                    Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

EXHIBIT 2
18

**You must comply □ith LBR 701□-1, □hich re□uires you to file a □oint status report and to appear at a status
conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the
other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before
a status conference. A court−approved joint status report form is available on the court□s website (LBR form F
7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F
7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with
the court a unilateral status report and the accompanying re□uired declaration instead of a joint status report 7 days before the
status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may
also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>November 22, 2017</u>

By:  <u>□s□□William C. □aaumoana Jr.</u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 7004−1.SUMMONS.ADV.PROC**

EXHIBIT 2
19

## ATTACHMENT A
### Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Peter J Mastan | Pierluigi Biasiolo<br>Renergy Alliance Corporation, a California corporation<br>DOES 1–10, Inclusive |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

EXHIBIT 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) and (☐) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On (date) , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          **F 7004-1.SUMMONS.ADV.PROC**

EXHIBIT 2
21

EXHIBIT 3

JOHN P. REITMAN, SBN 80579
jreitman@lgbfirm.com
ALEKSANDRA ZIMONJIC, SBN 210252
azimonjic@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Plaintiff Peter J. Mastan,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:14-bk-27656-WB |
| CARLO BONDANELLI, | Chapter 7 |
| Debtor. | Adv. No. 2:17-ap-01548-WB |
| | **PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1** |
| PETER J. MASTAN, Chapter 7 Trustee, | |
| Plaintiff, | **Status Conference Date and Time:** |
| v. | Date:   January 30, 2018 |
| PIERLUIGI BIASIOLO, an individual, RENERGY ALLIANCE CORPORATION, a California corporation, and DOES 1-10, Inclusive, | Time:   2:00 p.m.<br>Place:   Courtroom 1375<br>             255 E. Temple St.<br>             Los Angeles, CA 90012 |
| Defendants. | |

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 3

22

1    **TO ALL DEFENDANTS:**

2       **PLEASE TAKE NOTICE** that Peter J. Mastan, Chapter 7 Trustee and the plaintiff in the

3  above-captioned adversary proceeding hereby gives notice that compliance with the requirements

4  under Rule 7026 of the Federal Rules of Bankruptcy Procedure as well as Local Bankruptcy Rule

5  ("LBR") 7026-1 is required.  A copy of LBR 7026-1 is attached hereto as **Exhibit "A."**

6

7

8  Dated: November 22, 2017        LANDAU GOTTFRIED & BERGER LLP

9

10                  By _____

11                      Aleksandra Zimonjic

12                Attorneys for Plaintiff Peter J. Mastan, Chapter 7
Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

EXHIBIT 3
23

# EXHIBIT A

EXHIBIT 3

24

(2)  Other Parties.  Any party other than plaintiff who has not received plaintiff's proposed pretrial stipulation within the time limits set forth in subsection (c) of this rule must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial stipulation in a timely manner.

**(f)  Sanctions for Failure to Comply with Rule.**  In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

(1)  A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2)  Entry of a pretrial order based conforming party's proposed description of the facts and law;

(3)  An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

(4)  An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

**(g)  Failure to Appear at Hearing or Prepare for Trial.**  The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1. DISCOVERY

**(a)  General.**  Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1)  Notice.  The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2)  Proof of Service.  The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

**(b)  Discovery Conference and Disclosures.**

(1)  Conference of Parties.  Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

LBR 7026-1

(2) <u>Joint Status Report</u>. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c)** **Failure to Make Disclosures or Cooperate in Discovery.**

(1) <u>General</u>. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2) <u>Meeting of Counsel</u>. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) <u>Moving Papers</u>. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

   (A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

   (B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

   (C) In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

1/16

EXHIBIT 3
26

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU GOTTFRIED & BERGER LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.**

A true and correct copy of the foregoing documents entitled:
*1) Chapter 7 Trustee's Complaint to Set Aside and Recover Fraudulent Transfers;*
*2) Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004−1]; and*
*3) Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1*
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 22, 2017** I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge will be completed no later than 24 hours after the document is filed.

Renergy Alliance Corp.                     Pierluigi Biasiolo
Pierluigi Biasiolo, President              10720 Ohio Avenue, Apt. 2
10720 Ohio Avenue, Apt. 2                  Los Angeles, CA 90024
Los Angeles, CA 90024

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2017 | Erik Meza | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*

EXHIBIT 3
27

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU GOTTFRIED & BERGER LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled:
*Summons Service Executed re Service of:*
*1) Complaint;*
*2) Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]; and*
*3) Plaintiff's Notice of Required Compliance with FRBP 7026 And LBR 7026-1*
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 22, 2017,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Peter J Mastan (TR)**    pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com
- **John P Reitman**    jreitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;njanbay@lgbfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Aleksandra Zimonjic**    azimonjic@lgbfirm.com, emeza@lgbfirm.com

☐ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:
On (*date*) **November 22, 2017** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382 / Courtroom 1375
Los Angeles, CA 90012

**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

☐ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2017 | Erik Meza | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.